UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUNNY HENRY and KENNETH MORALES, individually and on behalf of all other persons similarly situated who were formerly or are presently employed by JOHN TENORIO, individually, and HBS SERVICES, LLC and/or any other affiliated entities<br><br>Plaintiffs,<br><br>- against –<br><br>JOHN TENORIO, individually, and HBS SERVICES, LLC and/or any other affiliated entities,<br><br>Defendants. | Docket No: 17-cv-94<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Named Plaintiffs by their attorneys, Virginia and Ambinder, LLP, allege upon knowledge to themselves and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. §§ 207 and 216(b), New York Labor Law ("NYLL") §§ 663, 195, 198, and 12 New York Codes, Rules, and Regulations ("NYCRR") § 142-2.2 to recover unpaid overtime compensation owed to SUNNY HENRY ("Henry"), KENNETH MORALES ("Morales") (collectively "Named Plaintiffs"), and all similarly situated persons who were formerly or are presently employed by JOHN TENORIO ("Tenorio"), individually, and HBS SERVICES, LLC and/or any other affiliated entities ("HBS") (collectively "Defendants").

2. At all times relevant to this litigation, Defendants have engaged in a policy and practice of requiring Named Plaintiffs and members of the putative class and collective to regularly work over forty (40) hours in a week without paying them overtime wages at a rate of one and one-half times their regular hourly wage.

1

3. At all times relevant to this litigation, Defendants have engaged in a policy and practice of failing to provide Named Plaintiffs and members of the putative class and collective statutorily required wage notices and wage statements pursuant to New York Labor Law §§ 195 and 198.

4. Named Plaintiffs have initiated this action on their own behalf, and on behalf of all similarly situated employees, seeking overtime compensation that Named Plaintiffs and all similarly situated employees were deprived of, plus interest, damages, attorneys' fees, and costs, and statutory damages.

## JURISDICTION

5. Jurisdiction of this Court is invoked pursuant to the FLSA, 29 U.S.C. §§ 207 and 216(b) and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction over all New York State Law claims pursuant to 28 U.S.C. § 1367.

6. The statute of limitations under the FLSA for willful violations is three (3) years. *See* 29 U.S.C. § 255(a).

7. The statute of limitations under the NYLL is six (6) years. *See* New York Labor Law § 198(3).

## VENUE

8. Venue for this action in the Eastern District of New York is appropriate under 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of New York.

## THE PARTIES

9. Named Plaintiff Sunny Henry resides in Brooklyn, New York and was employed by Defendants from approximately May 2015 to November 2016 performing services for

Defendants' events company, including, but not limited to, stagehand work, production, driving, maintenance services, and setting up and taking down equipment for events.

10. Named Plaintiff Kenneth Morales resides in Brooklyn, New York and was employed by Defendants from approximately 2014 to December 2016 performing services for Defendants' events company, including, but not limited to, stagehand work, production services, driving, maintenance services, and setting up and taking down equipment for events.

11. Defendant HBS SERVICES, LLC, is a domestic corporation incorporated under the laws of the State of Florida with its principal place of business at 314 Carol Drive, NE, Palm Bay, Florida 32907.

12. Defendant JOHN TENORIO is a resident of 6125 156th Street, Flushing, New York 11367 and at all relevant times is, or was, a founder, officer, director, president, principle, vice president, and/or owner of Defendant HBS.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

13. This action is properly maintainable as a collective action pursuant to the FLSA 29 U.S.C. § 216(b) and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

14. This action is brought on behalf of Named Plaintiffs and a class consisting of similarly situated employees who worked for Defendants performing work relating to setting up and taking down stages and platforms.

15. Named Plaintiffs and members of the putative class and collective are all victims of Defendants' common policy and/or plan to violate the FLSA by failing to provide overtime wages, at the rate of one and one half times the regular rate of pay, for all time worked in excess of forty (40) hours in any given week, pursuant to 29 U.S.C. § 207.

16. Named Plaintiffs and members of the putative class and collective are all victims of the Defendants' common policy and/or plan to violate the NYLL by failing to provide wage notices and wage statements, pursuant to NYLL§§ 195-1 and 195-3.

17. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of forty (40) employees.

18. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: (1) whether Defendants failed to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week and (2) whether Defendants failed to provide wage notices and wage statements.

19. The claims of Named Plaintiffs are typical of the claims of the putative class members. Named Plaintiffs, like all members of the putative class, were subject to Defendants' policies and willful practice of refusing to pay employees overtime compensation and failing to provide wage notices and wage statements. Named Plaintiffs and putative class members have thus sustained similar injuries as a result of Defendants' actions.

20. Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class. Named Plaintiffs have retained counsel experienced in complex wage and hour class and collective action litigation.

21. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Named Plaintiffs and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants' policies.

# FACTS

22. Named Plaintiffs were employed by Defendants to set up and take down stages and platforms for various events.

23. During his employment, Named Plaintiff Henry typically worked approximately eleven (11) to fourteen (14) hours per day, approximately five (5) days per week.

24. Named Plaintiff Henry was paid a flat daily rate of approximately $50 to $100, regardless of the amount of hours worked.

25. During his employment, Named Plaintiff Morales typically worked approximately eleven (11) to fourteen (14) hours per day, approximately five (5) days per week.

26. Named Plaintiff Morales was paid a flat daily rate of approximately $50 to $100, regardless of the amount of hours worked.

27. Despite regularly working far in excess of 40 hours in a week, Named Plaintiffs did not receive overtime compensation at the rate of one-and-one-half times their regular rates of pay.

28. Defendants did not provide Named Plaintiffs with any notifications whatsoever indicating their regular or overtime rate of pay at the time of hiring or at any subsequent point during their employment.

29. During Named Plaintiffs' employment with Defendants, Named Plaintiffs were not provided with any wage statements that reflected the hours they worked, the amount they were being paid, or their regular or overtime rates of pay.

30. Like Named Plaintiffs, Named Plaintiffs' co-workers were also paid a flat daily rate of pay of approximately $50 to $100 per day regardless of the number of hours they worked.

31. Like Named Plaintiffs, Named Plaintiffs' co-workers also regularly worked over 40 hours in a week.

32. Defendants maintain a policy and practice of not compensating their employees at one-and-one-half times their regular hourly wage whenever they work more than forty (40) hours in a given week.

33. Defendants maintain a policy and practice of not providing its employees with wage notifications at the time of hire indicating each employee's regular rate of pay and overtime rate of pay.

34. Defendants maintain a policy and practice of not providing its employees the statutorily required wage statements indicating each employee's regular rate of pay, overtime rate of pay, or hours worked during a particular pay period.

35. Defendant Tenorio is an owner and director of Defendant HBS and (i) had the power to hire and fire employees; (ii) supervised and controlled employee work schedules or conditions of employment; (iii) determined the rate and method of payment for employees; and (iv) maintained employment records.

36. Defendant Tenorio dominated the day-to-day operating decisions of Defendant HBS, made major personnel decisions for Defendant HBS, and had complete control of the alleged activities of Defendant HBS which give rise to the claims brought herein.

37. Defendant Tenorio was a supervisor, officer and/or agent of Defendant HBS who acted directly or indirectly in the interest of Defendant HBS, and is an "employer" within the meaning of the FLSA and the NYLL.

38. Defendant Tenorio had substantial control of Plaintiffs' working conditions and over the unlawful policies and practices alleged herein.

39. Named Plaintiffs and members of the putative class performed labor for the benefit of and at the direction of Defendant Tenorio and Defendant HBS.

40. Upon information and belief, at all relevant times, Defendants had the power to determine employee policies, including but not limited to policies governing the payment of wages and overtime compensation to employees.

41. Upon information and belief, Defendant HBS' annual gross volume of sales made or business done is not less than $500,000.

42. Upon information and belief, Defendants are engaged in interstate commerce, including handling and working with goods or materials that have been moved in or produced for interstate commerce.

**FIRST CAUSE OF ACTION**
**FLSA OVERTIME WAGES**

43. Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

44. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

45. Pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

46. Defendants are employers within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d).

47. Named Plaintiffs and other members of the putative collective are employees, within the meaning contemplated in in the FLSA, 29 U.S.C. §203(e).

48. Defendants failed to pay Named Plaintiffs and, upon information and belief, other members of the putative collective overtime wages earned for the time they worked for Defendants after the first forty (40) hours in any given week.

49. Upon information and belief, Defendants' failure to pay Named Plaintiffs and members of the putative collective their rightfully owed wages was willful.

50. By the foregoing reasons, Defendants are liable to Named Plaintiffs and members of the putative collective in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**NEW YORK OVERTIME COMPENSATION LAW**

51. Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

52. 12 NYCRR § 142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of 1 ½ times the employee's regular rate" for hours worked in excess of 40 hours in one workweek.

53. New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

54. Defendants are employers, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(6) and the supporting New York State Department of Labor Regulations.

55. Named Plaintiffs and members of the putative class are employees, within the meaning contemplated, pursuant to New York Labor Law Article 19 § 651(5) and the supporting New York State Department of Labor Regulations.

56. Named Plaintiffs and members of the putative class worked more than forty (40) hours a week while working for Defendants.

57. Named Plaintiffs and members of the putative class did not receive overtime compensation for hours worked after the first forty (40) hours in a week.

58. Upon information and belief, Defendants' failure to pay overtime compensation for work performed by Named Plaintiffs and members of the putative class after the first forty hours worked in a week was willful.

59. By the foregoing reasons, Defendants have violated New York Labor Law § 663 and 12 NYCRR § 142-2.2, and are liable to Named Plaintiffs and members of the putative class in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees, and costs.

**THIRD CAUSE OF ACTION**
**NEW YORK § 195(1) WAGE NOTICE VIOLATION**

60. Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

61. Pursuant to Section 195(1) of the NYLL, an employer is required to provide its employees at the time of hiring a notice containing information, such as, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

9

. . . the regular pay day designated by the employer . . .; [and] the name of the employer . . . . For all employees who are not exempt from overtime compensation . . ., the notice must sate the regular hourly rate and overtime rate of pay."

62. Pursuant to Section 198-1(b) of the NYLL, an employee that does not receive a wage notification, as required by NYLL § 195(1), may bring a civil action to recover damages of $250 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

63. At the time of hire, Defendants did not provide Named Plaintiffs or members of the putative class with wage notifications informing them of, among other things, (1) their regular rates of pay, (2) their overtime rates of pay, (3) the basis of their rates of pay (e.g., whether they were hourly employees), or (4) the regular pay day designated by Defendants.

64. Defendants violated NYLL § 195(1) by failing to provide Named Plaintiffs and members of the putative class with wage notifications containing the information required by NYLL § 195, *et seq.*

65. The failure of Defendants to provide Named Plaintiffs and members of the putative class with wage notifications in violation of NYLL § 195 was willful.

66. By the foregoing reasons, Defendants are liable to Named Plaintiffs and members of the putative class the statutory amounts, plus attorney's fees, costs, and any other damages permitted under the NYLL.

### FOURTH CAUSE OF ACTION
### NEW YORK § 195(3) WAGE STATEMENT VIOLATION

67. Named Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

68. Pursuant to Section 195(3) of the New York Labor Law, an employer is required to furnish each employee with a statement with every payment of wages that identifies, among

other things, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or in another manner. For employees that are not exempt from overtime compensation under New York state law or regulation, such wage statement must also include "the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

69. Pursuant to Section 198-1(d) of the New York Labor Law, an employee that does not receive a wage statement, as required by NYLL § 195(3), may bring a civil action to recover damages of $50 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

70. Named Plaintiffs and members of the putative class did not receive any wage statements from the Defendants.

71. Defendants violated NYLL § 195(3) by failing to provide Named Plaintiffs and members of the putative class with wage statements containing the information required by NYLL § 195(3).

72. The failure of Defendants to provide Named Plaintiffs and members of the putative class with wage statements in violation of NYLL § 195 was willful.

73. By the foregoing reasons, Defendants are liable to Named Plaintiffs and members of the putative class and collective the statutory amounts, plus attorney's fees, costs, and any other damages permitted under the NYLL.

**WHEREFORE**, Named Plaintiffs and putative class members demand judgment:

1. on their first cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

2. on their second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs;

3. on their third cause of action against Defendants, for all statutory damages permitted under the NYLL plus attorneys' fees and costs;

4. on their fourth cause of action, against Defendants, for all statutory damages permitted under the NYLL plus attorneys' fees and costs; and

5. any other and further relief the Court may deem just and proper.

Dated: New York, New York
January 6, 2017

VIRGINIA & AMBINDER, LLP

By:   s/Lloyd Ambinder, Esq.
     Lloyd Ambinder, Esq.
     Jack Newhouse, Esq.
     Virginia & Ambinder, LLP
     40 Broad Street, 7th Floor
     New York, New York 10004
     (212) 943-9080

*Attorneys for Named Plaintiffs and the putative class and collective*